**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HORACE A. DAUGHTRY. ON HIS OWN**
**BEHALF AND ON BEHALF OF THOSE**
**SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                            **Case No. 6:08-cv-156-Orl-28KRS**

**MAXIMUM AIR CONDITIONING, INC.,**
**MARGO MAUDLIN,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT AMENDED MOTION FOR APPROVAL OF TERMS OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 32)**
>
> **FILED:** **June 24, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On January 31, 2008, Plaintiff Horace A. Daughtry filed a complaint against Defendants Maximum Air Conditioning Services, Inc. and Margo Maudlin for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Doc. No. 1. The complaint was styled as a collective action. However, no other employees have filed notices to join in the action.

At the Court-ordered mediation, the parties reached a settlement for which they now seek court approval. Doc. No. 32. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In response to the Court's Interrogatories, Daughtry averred that he was owed wages of $36,900.00, plus liquidated damages in the same amount. Doc. No. 13. After review of the time sheets for Plaintiff's work, it was learned that Daughtry was not employed by the defendants for five months for which he seeks unpaid overtime compensation, and that Daughtry worked fewer hours than he had initially provided in his answers to interrogatories. Accordingly, the parties have calculated the overtime compensation arguably due to Daughtry for two years before the complaint was filed as $2400.00. Under the settlement, Daughtry will receive $8,650.00. In the settlement negotiations, all parties were represented by experienced counsel. Based on these representations, I conclude that the amount Daughtry will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."

Accordingly, I respectfully recommend as follows:

1. The Court **DISMISS** the collective action allegations in the complaint;

2. The Court **FIND** that the amount received by Daughtry is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

      3.      The Court **DISMISS** the case as to Plaintiff Daughtry with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

      4.      The Court **DIRECT** the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy